PER CURIAM.
November 22, 1961, Herschel E. Smith-was appointed referee by the Board of' Governors of The Florida Bar to take testimony in the case of The State of Florida ex rel. The Florida Bar v. Bernard Marcus and make report of his findings of law and fact,, with recommendations to the complainant. Complaint was filed June 29, 1962, by The-Florida Bar charging the respondent with violation of Canons 6, 11, and 38, and Additional Rules 1, 27 and 28 Governing the Conduct of Attorneys in Florida, 31 F.S.A. The charges set out in the complaint were as follows:
“4. The respondent, Bernard Marcus, during 1958, has been guilty of professional misconduct in the following respects :
“a. The respondent and his client,. Jack Sundelson, entered into a joint venture for the purchase, sale, or development, of certain parcels of real property, in Dade County, Florida, with the-understanding between them that there-was to be an equal sharing of all monies received in connection with said property. The respondent, without the knowledge of the said Jack Sundelson,. received the sum of $1,200.00, from Janes Realty Corporation, through its. employee, Jack Schiffman in connection with the acquisition of the aforesaid real property.
“b. The respondent did thereafter keep and use as his own, the aforesaid *825 $1,200.00, without accounting to his partner and client therefor.
“c. The respondent, Bernard Marcus, wilfully, and in violation of his trust agreement with his client, fraudulently converted said monies to his own use.”
The cause was set for trial November 29, 1962, in the office of the referee at 807 Ingraham Building, Miami, Florida. At the trial stipulation of facts, together with exhibits referred to in respondent’s answer, as joint exhibits, which were marked Joint Exhibit #1 and Joint Exhibit #2, were received in evidence. The complainant offered no witnesses but the following witnesses testified in behalf of the respondent: Mr. Jack Schiffman, Robert Hofmann, Esquire, and Bernard Marcus, Esquire, the respondent. At the conclusion of the evidence the referee made the following findings:
“The respondent is guilty of violating that portion of Canon 11 which requires an attorney to report and promptly account for trust property coming into his possession and not to commingle it with his own or to use it. He is also guilty of violating Rule 27 of the Additional Rules Governing the Conduct of Attorneys in Florida. He is not guilty of violating Rule 1 of the aforesaid Additional Rules; nor is he guilty of violating Canon 38, even though he plead guilty to violating Canon 38. The only reason he is not guilty of violating Rule 1 and Canon 38, however, is that the evidence was insufficient to show an attorney-client relationship between him and Sundelson. The respondent is not guilty of violating Canon 6 or Rule 28, which are inapplicable.”
December 20, 1962, the referee recommended that “respondent should receive a severe, but private, reprimand, coupled with a strong reminder of his moral and professional obligation even when he is not acting in his professional capacity. In view of respondent’s dire financial straits it is recommended that all costs and expenses of the proceedings be paid by The Florida Bar. In that connection, the referee gladly donates his time and services. He has incurred no expense.”
The report of the referee came on for hearing before the Board of Governors of The Florida Bar on February IS, 1963, who made the following findings :
“The Complaint charged that the respondent, while engaged in a business venture with a layman, negotiated the sale of certain of their jointly held business property. Although their partnership agreement or understanding called for the equal sharing of all business profits, the respondent negotiated and was paid a rebate of a portion, of a brokers commission arising out of said sale. Respondent retained this rebate without accounting to his partner, nor advising him of its existence.
“After trial, the Referee found the foregoing charges to be substantiated by the evidence and found that respondent violated his fiduciary duty to his partner by failure to account for trust property coming into his possession. The Board of Governors concurs in and adopts the findings of the Referee and further finds that respondent’s aforesaid conduct violated Canon 11 of the Canons of Professional Ethics.”
The Board of Governors rejected the referee’s recommendation for punishment and ordered that respondent be suspended from the practice of law for a period of three months and that he thereafter be reinstated upon payment of $410.60, the actual costs of the proceedings.
The judgment of the Board of Governors of The Florida Bar is before us for review.
The record, the report of the referee and judgment of the Board of Governors have been examined by this court, pursuant to which it is ordered that the judgment of the Board of Governors, dated April 4, *826 1963, that respondent be suspended from the practice of law for a period of three months commencing on the day when this judgment shall become final and that he shall pay all costs accruing therein, is hereby approved and the same is adopted in its entirety as the judgment of this court.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, O’CONNELL and CALDWELL, JJ., concur.